# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

JACK GREEN,

                Plaintiff,

v.                                      CIVIL ACTION NO. 5:07-cv-00363

JAMES RUBENSTEIN, et al.,

                Defendants.

## MEMORANDUM OPINION AND ORDER

Plaintiff, pro se, brings this action against Defendants James Rubenstien, Commissioner of the Division of Corrections, Thomas McBride, formerly Warden of Mount Olive Correctional Complex (MOCC), Correctional Medical Services, Inc. (CMS), Mary Westfall, Administrator for C.M.S., and David M. Devere, D.D.S.  His claims arise out of the alleged improper and inadequate medical care provided to him by Defendants while an inmate at MOCC, in Mt. Olive, West Virginia. Pending before the Court are Defendants Ms. Westfall, Dr. Devere, and CMS's Motion to Dismiss [Docket 22], CMS's Motion to Dismiss Deliberate Indifference Claims [Docket 46], Dr. DeVere's Motion to Dismiss Deliberate Indifference Claims [Docket 49], and James Rubenstein and Thomas McBride's Motion for Summary Judgment [Docket 60].

By Standing Order entered on August 1, 2006, and filed in this case on June 5, 2007, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and a recommendation (PF&R).  Magistrate Judge VanDervort filed his PF&R on January 22, 2008 [Docket 22].  In that filing, the magistrate judge recommended that this Court

grant Defendants Ms. Westfall, Dr. Devere, and CMS's Motion to Dismiss, deny CMS's Motion to Dismiss Deliberate Indifference Claims, consider Dr. DeVere's Motion to Dismiss Deliberate Indifference Claims as a motion for summary judgment and grant it, grant James Rubenstein and Thomas McBride's Motion for Summary Judgment, dismiss Plaintiff's retaliation claim, and remand this matter to the magistrate judge for further proceedings with respect to Plaintiff's claims against CMS and Ms. Westfall for consideration of whether their policies and practices were constitutional.

Objections to Magistrate Judge VanDervort's PF&R were due by March 13, 2009, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). On March 5, 2009, Plaintiff filed a letter-form motion seeking an extension of time to file his objections to the PF&R. By Order dated March 6, 2009, the Court granted Plaintiff's motion and extended the deadline for filing objections to March 25, 2009. Plaintiff timely filed objections to the PF&R on March 10, 2009.

## *I. BACKGROUND*

The full factual and procedural history of this case is set forth in the PF&R. In short, Plaintiff alleges that Defendants violated his rights under the Eighth and Fourteenth Amendments of the United States Constitution by withholding dental services for extended periods of time. Specifically, Plaintiff alleges that on May 14, 2004, he put in a request to see a dentist after breaking a tooth while eating. On May 24, 2004, Plaintiff was examined by a dentist, Dr. Peernington, who determined Plaintiff's top teeth needed to be extracted. Eleven months later, in April of 2005, Plaintiff's top teeth were extracted by a second dentist, Dr. Buch. Plaintiff alleges that during the procedure, Dr. Buch "broke a tooth off" and that Dr. Buch stated that "he did not have time to go digging for a root." (Docket 3-2 at 2.)

Thirteen months later, on May 4, 2006, Plaintiff met with a third dentist, Dr. DeVere, who is contractually employed by CMS to provide dental care to inmates at MOCC. Dr. DeVere examined Plaintiff, took x-rays, and made impressions for upper dentures.[1] Plaintiff received his dentures on September 8, 2006. Plaintiff claims that at that time, Dr. DeVere determined that additional surgery was necessary to remove the "bone that had come through his gums." (*Id.* at 3.) On January 4, 2007, Plaintiff had an annual dental exam and expressed concern to the nurse who cleaned his teeth about the bone in his gums. On January 12, 2007, Dr. DeVere attempted to visit Plaintiff. However, Plaintiff claims that Dr. DeVere "came down to aline [sic] [his] teeth," and he refused Dr. DeVere's services. (*Id.*) In addition, Dr. DeVere examined Plaintiff on April 26, 2007. Dr. DeVere performed oral surgery to remove the bone/tooth on May 3, 2007. Plaintiff alleges that Defendants violated his rights "by withholding medical treatment from someone in pain and suffering for 11 months, and again for over 13 months, and again for 8 months." (Docket 3 at 5.)

## II. STANDARD OF REVIEW

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made[,]" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). When reviewing the portions of the PF&R de novo, the Court will consider the fact that Plaintiff is

---

[1] Plaintiff also contends that Dr. DeVere preformed oral surgery at that time to remove the "bone" left in his teeth after the procedure preformed by Dr. Bush.

acting pro se, and his filings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

### III. OBJECTIONS TO THE PF&R

Plaintiff appears to raise two objections to the PF&R. Each properly raised objection will be afforded de novo review.

*A.  First Objection*

Plaintiff claims that "James Rubenstien [sic] and Thomas McBride should have to pay punitive damages for allowing such treatment to go on in there [sic] prison." (Docket 74 at 1.) On its face, 28 U.S.C. § 636(b)(1)(B) does not require any review, by either the district court or the court of appeals, of any issue that has not been made the subject of an objection. *See Thomas*, 474 U.S. at 149; *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Howard's Yellow Cabs, Inc. v. United States*, 987 F. Supp. 469, 474 (W. D. N.C. 1997). A litigant who makes only vague objections to the magistrate judge's findings prevents the district court from focusing on disputed issues and thus renders the initial referral to the magistrate judge useless. *Howard's Yellow Cabs*, 987 F. Supp. at 474. A general objection does not meet the requirements of 28 U.S.C. § 636(b)(1), and failure to file a specific objection constitutes a waiver of the right to de novo review. *Id*. (citing *Mercado v. Perez Vega*, 853 F. Supp. 42, 44 (D.P.R.1993)).

Plaintiff's first objection does not call the Court's attention to any specific error by the magistrate judge. This is precisely the type of vague and conclusory objection contemplated by

*Orpiano* and *Howard's Yellow Cabs, Inc*. that does not merit review by this Court. The Court **FINDS** that Plaintiff's first objection is general and conclusory and that de novo review of the issues raised is not warranted. Therefore, it is **OVERRULED**.[2]

### B. Second Objection

Plaintiff objects "to Dr. DeVere trying to get out of this, [sic] he had personal knowledge of the facts of what [Plaintiff] needed from Sept. 8, 2006 until May 3, 2007, before any treatment was performed to treat the pain caused by a broken bone in [his] jaw." (Docket 64 at 1.) Plaintiff argues that Dr. DeVere's delay in providing medical care caused him pain and suffering in violation of the Eighth Amendment of the United States Constitution and that he is entitled to "relief under punitive damages of deliberate indifference." (*Id.* at 1.)

The Supreme Court has held that a doctor who is under contract with the state to provide medical services to inmates at a state prison is subject to civil suit under 42 U.S.C. § 1983. *West v. Atkins*, 487 U.S. 42, 57 (1988). In addition, "[d]ental care has been recognized as an important medical need for inmates." *Royal v. Bassett*, 2008 WL 5169443 *6 (W. D. Va. Dec. 9, 2008) (citing *Ramos v. Lamm*, 639 F.2d 559, 576 (10th Cir. 1980)). As such, deliberate indifference to dental

---

[2] Plaintiff also made the following statement in his objections to the PF&R:

> Correctional Medical Services lost their contract at Mt. Olive for this type of medical service inadequate [sic] to inmates['] health. I am sure that the District Court will find that Correctional Medical Service and Mary Westfall are liable for unconstitutional policies and practices. I recommend all parties to take care of this, [sic] everyone know that you'll [sic] violation my Eighth Amendment. Now we will see what the Court does about it.

(Docket 74 at 2.) This statement does not appear to be an objection to the PF&R. However, to the extent that it is, it is a conclusory objection, and it does not merit review by the Court.

needs results in an claim for which relief can be granted under the Eighth Amendment. *Mallatte v. Dunning*, No. 88-6861, 1990 WL 12739 *1 (4th Cir. Jan. 24, 1990). However, in determining whether a course of dental treatment rises to the level of an Eighth Amendment violation, "the essential test is one of medical necessity and not one simply of desirability." *Royal*, No. 7:08-cv-00222, 2008 WL 5169443 *6 (quoting *Woodall v. Foti*, 648 F.2d 268, 272 (5th Cir. 1981)).

To establish an Eighth Amendment cause of action for deliberate indifference to a serious dental need, Plaintiff must satisfy a two-part test, consisting of both an objective component and a subjective component. First, Plaintiff must prove that the alleged deprivation of medical care was, "objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Next, Plaintiff must show that the prison official had "a sufficiently culpable state of mind." *Wilson,* 501 U.S. at 302– 03. This subjective prong requires the official to know of and disregard "an excessive risk to inmate health." *Farmer*, 511 U.S. at 837. To determine whether the official acted with the requisite degree of culpability, the official must be both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* Neither mere malpractice, *Estelle*, 429 U.S. at 105– 06, nor mere negligence in diagnosis give rise to an eighth amendment claim. *Sosebee v. Murphy*, 797 F.2d 179, 181 (4th Cir. 1986). Rather, to be actionable, the treatment, or lack thereof, "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990).

Like the magistrate judge, the Court will assume for purposes of this analysis that Plaintiff's medical needs were sufficiently serious. Thus, the inquiry becomes whether Plaintiff has made sufficient factual allegations to show that Dr. DeVere was deliberately indifferent to those needs.

In his objections, Plaintiff alleges that Dr. DeVere became aware that Plaintiff needed dental care to remove a tooth fragment or bone on September 8, 2006, but did not treat Plaintiff until May 3, 2007. The medical records show that Dr. Devere provided Plaintiff with dental services four other times between those dates — on September 11, 2006, September 27, 2006, January 12, 2007,[3] and April 26, 2007. Notably, the record indicates that on April 26, 2007, Dr. DeVere examined Plaintiff in response to Plaintiff filing a G-1 grievance form on April 19, 2006. During that examination, Dr. DeVere recorded in Plaintiff's medical record that Plaintiff's tooth fragment needed to be removed. On May 3, 2007, Dr. DeVere performed oral surgery on Plaintiff.

During the eight-month time period in question, Plaintiff received medical attention five times and refused treatment one other time. The record indicates that some of Plaintiff's examinations were regarding the adjustment of his dentures rather than the removal of his tooth fragment. Nevertheless, five meetings in the course of eight months indicates that Dr. DeVere provided treatment that was far from grossly inadequate. Moreover, Dr. DeVere examined Plaintiff only one week after Plaintiff filed a G-1 grievance form regarding his tooth fragment. Less than a week after that examination, Dr. DeVere performed oral surgery on Plaintiff. Thus, based on the record, Dr. DeVere was clearly not deliberately indifferent to Plaintiff's medical needs. Accordingly, Plaintiff's objection regarding Dr. DeVere is **OVERRULED**.

*IV. CONCLUSION*

For the reasons stated above, the Court **ADOPTS** the PF&R [Docket 70] in its entirety. Specifically, the Court **GRANTS** Defendants Ms. Westfall, Dr. Devere, and CMS's Motion to Dismiss [Docket 22], **DENIES** CMS's Motion to Dismiss Deliberate Indifference Claims [Docket

---

[3] On January 12, 2007, Plaintiff refused services offered by Dr. DeVere.

46], considers Dr. DeVere's Motion to Dismiss Deliberate Indifference Claims [Docket 49] as a motion for summary judgment and **GRANTS** it, **GRANTS** James Rubenstein and Thomas McBride's Motion for Summary Judgment [Docket 60], **DISMISSES** Plaintiff's retaliation claim, and **REMANDS** this matter to the magistrate judge for further proceedings with respect to Plaintiff's claims against CMS and Ms. Westfall for consideration of whether their policies and practices were constitutional. A separate Partial Judgment Order will enter this day implementing the rulings contained herein.

    **IT IS SO ORDERED.**

    The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

    ENTER:    March 18, 2009

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE