# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| JACK GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 5:07-0363 |
| ) | |
| JAMES RUBENSTIEN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### ORDER

Pending before the Court are the following Motions: (1) Plaintiff's "Motion to Dismiss Correctional Medical Services' Motion to Dismiss, Correctional Medical Services' Motion to Dismiss Deliberate Indifference, and Doctor David Devere's Motion to Dismiss Deliberate Indifference Claim" (Document No. 52.), filed on September 25, 2008; (2) Plaintiff's Motion for Sanctions (Document No. 57.), filed on October 15, 2008; and (3) Defendants' Motion for Modification of Time-Frame Order (Document No. 69.), filed on December 11, 2008.

**1. Plaintiff's Motion to Dismiss (Document No. 52.):**

Plaintiff requests that the following Motions be dismissed: (1) Defendant Westfall, Dr. DeVere, and Correctional Medical Services's [CMS] Motion to Dismiss (Document No. 22.); (2) Defendant CMS's "Motion to Dismiss Deliberate Indifference Claims" (Document No. 46.), and (3) David M. DeVere, D.D.S.'s Motion to Dismiss Deliberate Indifference Claims (Document No. 49.). By Proposed Findings and Recommendation entered on February 26, 2009, the undersigned recommended that the District Court grant Defendants Westfall, Devere, and CMS's Motion to Dismiss[1] (Document No. 22.),

---

[1] Defendant's Motion to Dismiss was based upon Plaintiff's claim of negligence. Thus, the undersigned recommended that Plaintiff's claim of medical negligence be dismissed. (Document No. 70, pp. 10 - 11.)

deny Defendant CMS's Motion to Dismiss Deliberate Indifference Claims, and grant Dr. DeVere's Motion to Dismiss Deliberate Indifference Claims (Document No. 49.). (Document No. 70.) By Memorandum Opinion and Order entered on March 18, 2009, the District Court adopted the undersigned's Proposed Findings and Recommendation and referred the matter back to the undersigned for further proceedings. (Document No. 75.) Accordingly, it is hereby **ORDERED** that Plaintiff's Motion to Dismiss (Document No. 52.) is **DENIED as moot**.

### 2. Plaintiff's Motion for Sanctions (Document No. 57.):

Plaintiff requests that sanctions be imposed against defense counsel, Joseph Ferrell. (Document No. 57.) Plaintiff alleges that defense counsel failed to serve him with Defendants' Motions to Dismiss (Document Nos. 22 and 46). (Id.) Specifically, Plaintiff states that "[h]e did not receive either Document 22 or 46 from Mr. Ferrell." (Id.) On October 15, 2008, defense counsel filed a "Response to Motion for Sanctions" arguing that the Motion "is without merit and should be overruled by this honorable Court." (Document No. 59.) Specifically, defense counsel states as follows:

> Plaintiff has asserted that he did not receive Documents 22 and 46. Plaintiff now seeks sanctions against the undersigned counsel because counsel pointed out in pleadings that plaintiff has responded to the alleged unserved documents.
> The undersigned counsel is forwarding copies of Documents 22 and 46 to the plaintiff again in the hope that the plaintiff will recognize his error and the Court will grant the Motions to Dismiss.
> The Motion for Sanctions does not allege a legal basis for the imposition of sanctions. The undersigned counsel affirmatively states that he has acted in good faith throughout this litigation and has not attempted to mislead the Court at any time.

(Id., p. 1.)

Rule 16(f) provides for sanctions, including those sanctions set forth in Rule 37(b)(2)(A)(ii) to (vii), "[i]f a party or party's attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate – or does not participate in good faith – in the conference; or (C) fails to obey a scheduling or other pretrial order." The Rule further provides:

2

> Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses - - including attorney's fees - - incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f)(2). Among the sanctions available under Rule 37(b)(2), the Court may prohibit the introduction of designated matters into evidence, strike pleadings, stay proceeding until the order is obeyed, dismiss the action, enter default judgment, or treat the failure to obey as contempt of court. See Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii). "Dismissal is, however, the most severe of sanctions that the Court can impose, reserved for 'flagrant cases' of bad faith and 'callous disregard' for the Court's authority, and, therefore, the Court must determine if dismissal is warranted." Stevens v. Federated Mut. Ins. Co., 2006 WL 2079503 (N.D.W.Va. July 25, 2006) (internal citations omitted). "The imposition of sanctions under Rule 37(b) is wholly within the trial court's discretion, but '[i]t is not . . . a discretion without bounds or limits.'" Carney v. KMart Corp., 176 F.R.D. 227 (S.D.W.Va. 1997) (quoting Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40 (4th Cir. 1995). There is a four-part test in determining whether sanctions are warranted under Rule 37. "Specifically, the court must determine (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." Belk v. Charlotte-Mecklenburg Bd. of Educ., 269 F.3d 305, 348 (4th Cir. 2001); see also, Anderson v. Foundation for Advancement, Educ. & Employment of Am. Indians, 155 F.3d 500, 504 (4th Cir. 1998).

Applying these four factors to the facts of the instant case, the Court finds that neither the sanctions under Rule 16(f) nor Rule 37 are warranted. First, the Court finds that defense counsel did not act in bad faith. Although Plaintiff alleges that he did not receive copies of Defendants' Motions to Dismiss, the undersigned notes that defense counsel filed a "Certificate of Service" certifying that

he served the documents upon Plaintiff. (Document No. 22, p. 4 and Document No. 46, p. 3.) Furthermore, defense counsel provided Plaintiff with additional copies of the Motions to Dismiss upon receiving Plaintiff's Motion for Sanctions. (Document No. 59.) Regarding the second factor, a review of the record reveals that Plaintiff filed responses to Defendants' Motions to Dismiss. (Document Nos. 29, 52, 54, and 55.) Thus, Plaintiff was not prejudiced by defense counsel's alleged failure to serve the Motions to Dismiss. Regarding the third and fourth factors, while the Court will certainly take steps to deter noncompliance with its Orders, the Court finds no indication that defense counsel disobeyed a Court Order. Accordingly, it is hereby **ORDERED** that Defendant's Motion for Sanctions (Document No. 57.) is **DENIED**.

### 3. Defendants' Motion for Modification of the Time-Frame Order (Document No. 69.):

On December 11, 2008, Defendants filed a "Motion for Modification of the Time-Frame Order." (Document No. 69.) Defendants seek a "modification of the Time-Frame Order permitting the parties to file dispositive motions within thirty (30) days of the entry of the Order resolving the pending Motions to Dismiss."[2] In support of the Motion, Defendants assert that "assuming that there are claims of the plaintiff remaining after the ruling by the Court on the Motions to Dismiss, it will likely be helpful to the Court to permit the filing of dispositive motions to determine if there are remaining issues for trial."[3] As stated above, by Proposed Findings and Recommendation entered on

---

[2] The Court's Time-Frame Order provided that discovery should be completed by October 1, 2008, and dispositive motion were due by October 31, 2008. (Document No. 41.)

[3] On April 2, 2009, Defendants Westfall and CMS filed a Motion of Summary Judgment and Memorandum in Support. (Document Nos. 80 - 82.) On April 3, 2009, Notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff, advising him of his right to file a response to the Defendants Motion for Summary Judgment. (Document No. 83.) On April 29, 2009, Plaintiff filed his "Objections to CMS and Mary Westfall's Motions for Summary Judgment." (Document No. 84.) Specifically, Plaintiff contends that Defendants' Motion for Summary Judgment should be denied because it was filed after the expiration of the dispositive motion deadline as set

February 26, 2009, the undersigned recommended that the District Court grant Defendants Westfall, Devere, and CMS's Motion to Dismiss (Document No. 22.), deny Defendant CMS's Motion to Dismiss Deliberate Indifference Claims, grant Dr. DeVere's Motion to Dismiss Deliberate Indifference Claims (Document No. 49.), grant Defendant Rubenstein and McBride's Motion for Summary Judgment (Document No. 60.), and dismiss Plaintiff's retaliation claim. (Document No. 70.) By Memorandum Opinion and Order entered on March 18, 2009, the District Court adopted the undersigned's Proposed Findings and Recommendation and referred the matter back to the undersigned for further proceedings concerning Plaintiff's Eighth Amendment claims against Defendant Westfall and CMS. (Document No. 75.) For good cause shown, it is hereby **ORDERED** that Defendants' "Motion for Modification of Time-Frame Order" (Document No. 69.) is **GRANTED**. The parties shall file any dispositive Motions by September 14, 2009.

      The Clerk is requested to mail a copy of this Order to counsel of record and to Plaintiff, who is acting *pro se*.

      ENTER: August 19, 2009.

R. Clarke VanDervort<br>
United States Magistrate Judge

---

forth in the Court's Time-Frame Order. (*Id.*) Based on the above ruling, the undersigned notes that Plaintiff should file a Response addressing the merits of Defendants' Motion to Dismiss.